## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS | § | |
| TECHNOLOGIES, LLC | § | |
| | § | Case No. 2:12-CV-308-JRG-RSP |
| v. | § | |
| | § | |
| CLEARWIRE CORPORATION. | § | |

## ORDER REGARDING DISPUTED MOTIONS IN LIMINE

Before the Court are Defendant's Motions in Limine (Dkt. 154) and Plaintiff's Motions in Limine (Dkt. 157) on which the parties have not yet agreed.  The Court rules as follows.

### MTEL's Motions in Limine (Dkt. 157)

1.      Evidence that a court has excluded Walter Bractic's opinions in other cases: **GRANTED**.  The Court finds that allowing evidence that an expert has been excluded in other cases carries a significant risk of juror confusion and unfair prejudice.  The cases relied upon by Clearwire are inapposite.  *See, e.g., Ion, Inc. v. Sercel, Inc*., Case No. 5:06-cv-236, Dkt. 343 at 5-6 (allowing cross examination as to relevant portions of Mr. Bratic's <u>actual opinions</u> in other cases, not – as Clearwire suggests – whether he had been previously excluded by the Court).

3.      Effect that a damages award would have on Clearwire or Clearwire's customers: **GRANTED** as agreed that present/future effect is inadmissible.  This ruling does not prohibit Clearwire from presenting evidence regarding whether the gross revenue stream of the accused technology would support MTEL's proposed royalty; however, the Court notes that if Clearwire attempts to go beyond that to present that they would have been "unable to pay" due to other expenditures, or due to their financial situation in general, they open the door to MTEL presenting evidence regarding the rest of their financial situation (*see also* Defendant's Motion in Limine #2, below).

7.        Evidence of non-infringing alternatives:  **DENIED**.  The Court permits Clearwire
          to present evidence regarding non-infringing alternatives, but notes that certain
          arguments may open the door for MTEL to present additional information (*see*
          Defendant's Motion in Limine #2, below).

8.        Clearwire witness Eric Law:  **DENIED** as to damages-related testimony,
          **GRANTED** as to non-damages testimony.

12.       The Court defers to its ruling on MTEL's pending Motion to this effect.

13.       The Court defers to its ruling on MTEL's pending Motion to this effect.

15.       MTEL's suits against others:  **GRANTED**.

16.       The Court defers to its ruling on MTEL's pending Motion to this effect.


**<u>Clearwire's Motions in Limine (Dkt. 154)</u>**

II.       Evidence of Clearwire's investors, including Sprint's acquisition of Clearwire:
          **GRANTED** as to Clearwire's investors, and also as to Sprint's acquisition price
          but with an acknowledgement that Clearwire may open the door to this price
          information.  The Court observes that this Motion pertains largely to the value of
          Clearwire's wireless spectrum.  It appears that Clearwire intends to argue that
          rather than utilize the claimed invention, it could simply use its excess spectrum
          (in other words, it doesn't need to save bandwidth because it has plenty).  This
          argument would make the value of that spectrum highly relevant.  At the pretrial
          hearing, Clearwire's counsel argued that it is "basic economics" that the purchase
          price of the spectrum bears no rational relationship to the value of "use" of the
          spectrum.  Further, Clearwire's counsel explicitly took the position that because it
          was not utilizing its entire spectrum, the use of that spectrum has no value. This
          proposition lacks a basis in either economics or reality.  The Court observes that
          in the event that Clearwire takes the position that its "investment in spectrum
          minimizes the relative value of the claimed attributes of the '403 patent," the
          value of the spectrum becomes highly relevant, and that such an argument would
          thus open the door to evidence as to the value of that spectrum, including the
          purchase price at issue in this Motion.

VII.  Section 1 – Expert testimony exceeding scope of report:  **DENIED** as vague and premature, but the Court notes that parties are always limited to the scope of their expert reports.

    Section 2 – **GRANTED** as agreed, that MTEL will not offer evidence regarding damages and infringement for MDHO, COMP, LTE, and/or 802.11n.

 **SIGNED this 29th day of January, 2014.**


_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE