**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC | § § § § § § § | |
| v. | | Case No. 2:12-CV-308-JRG-RSP |
| CLEARWIRE CORPORATION. | | |

## ORDER

Currently before the Court is Clearwire's Motion to Exclude the Expert Testimony of Walter Bratic (Dkt. 126, the "Motion").

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to

consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

Clearwire argues that Mr. Bratic's opinion should be excluded for a number of reasons:

Clearwire first argues that Mr. Bratic's damages opinions are flawed because of their reliance on Mr. Vojcic's damages report. The Court notes that there is a pending Daubert motion regarding Mr. Vojcic and accordingly defers Clearwire's disagreement with Mr. Vojcic's opinion to the ruling on that motion.

Clearwire next argues that Mr. Bratic "ignored an established royalty and failed to adequately explain why he did so," referring to Velocita's acquisition of the entire SkyTel business. (Mot. at 6.)  When faced with Clearwire's citation to the precise portions of Mr. Bratic's report that indisputably analyzes the Velocita acquisition, Clearwire changes course to contend that the acquisition was "reliable" as an established royalty because "the patent assignment occurred a mere five months before the date of the proposed hypothetical negotiation." (Dkt. 168 at 4.)  The Court is wholly unconvinced that Mr. Bratic's failure to treat one company's acquisition of an entire data network and accompanying business as an "established royalty" is even arguably improper, much less a methodology so flawed it must be excluded under F.R.E. 702.  The Court observes that what little merit exists in Clearwire's position may be easily addressed by cross examination of Mr. Bratic.

In its reply, Clearwire fails to address any of MTEL's responsive briefing on its remaining arguments, but the Court will nevertheless address those positions.  Clearwire argues that Mr. Bratic "pulled the 50% royalty rate out of thin air" and analyzed the Georgia-Pacific factors "in a vacuum," but fails to address Mr. Bratic's lengthy and detailed analysis of the Georgia-Pacific factors and lack of established royalty rate leading to the 50% royalty rate. (Mot. at 9-11; Dkt. 145 at 7-11.)

Clearwire also argues that Mr. Bratic failed to "provide an adequate explanation" regarding why the parties would have agreed to a lump sum royalty. (Mot. at 12-13.)  In support of this proposition, Clearwire inexplicably cites a practice guide summarizing various pros and cons of lump-sum agreements, but provides no explanation why Mr. Bratic's failure to focus on the precise considerations identified by that guide requires this Court to exclude his opinion. (*Id.*)  The Court observes that Mr. Bratic did fully explain why he determined a lump-sum

royalty was appropriate, and Clearwire is free to cross examine him regarding their position that he should have given more weight to considerations other than the ones upon which he focused.

Clearwire finally states that Mr. Bratic fails to prove that Velocita and Clearwire were competitors.  (*Id*. at 13-14.)  The Court notes that Clearwire provides no reason that, even if their position were accurate, an assumption to this effect would require this Court to exclude Mr. Bratic's opinion – but notwithstanding that issue, the Court finds that it is clear that Velocita and Clearwire operated in similar spaces, and that Clearwire is free to cross examine Mr. Bratic on the differences between the two businesses.

Accordingly, the Court **DENIES** the Motion.

**SIGNED this 30th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE